# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES A. LOPEZ,** <br> **Plaintiff,** <br> v. <br> **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** <br> **Defendant.** | NO. EDCV 16-2343-KS <br><br> **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Charles A. Lopez ("Plaintiff") filed a Complaint on November 10, 2016, seeking review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). (Dkt. No. 1.) On December 27, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 12, 13.) On December 13, 2017, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No 28.) Plaintiff seeks an order reversing the Commissioner's decision and remanding

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

1

for further proceedings or an immediate award of benefits. (Joint Stip. at 17.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 18.) The matter is now ready for decision without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On September 28, 2012, Plaintiff, who was born on November 13, 1966, protectively filed an application for DIB under Title II.[2] (Administrative Record ("AR") 45-78.) Plaintiff alleged disability beginning January 4, 2006 due to sleep apnea, leg and back injury, and arthritis in his wrists. (AR 77.) Plaintiff later also alleged knee pain, high blood pressure, impaired vision, numbness in his legs, and right shoulder pain. (AR 84, 184, 192, 307.) The Commissioner denied Plaintiff's application initially on February 27, 2013 and upon reconsideration on November 5, 2013. (AR 79-83, 87-90.) Plaintiff then requested a hearing. (AR 91-92). Administrative Law Judge Mason D. Harrell, Jr. ("ALJ") held a hearing on May 12, 2015. (AR 34-56.) Plaintiff, represented by counsel, testified before the ALJ, as did vocational expert ("VE") Alan Ey. (*Id.*) On July 21, 2015, the ALJ issued an unfavorable decision, denying Plaintiff's application for benefits. (AR 18-33.) On September 13, 2016, the Appeals Council denied Plaintiff's request for review. (AR 1-7.)

**SUMMARY OF ADMINISTRATIVE DECISION**

As a threshold matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2012. (AR 23.) Then, applying the five step sequential evaluation process, 20 C.F.R. §§ 404.1520, the ALJ found at step one that Plaintiff had engaged in substantial gainful activity from his alleged onset date of January 4,

---
[2] Plaintiff was 45 years old on the application date and thus met the agency's definition of a younger individual. *See* 20 C.F.R. § 404.1563(c).

2006 through September 2007. (AR 23.) At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments:

> "[S]tatus post intramedullary rodding of the right femur; chondromalacia patellae bilaterally; morbid obesity; degenerative disk disease of the lumbar spine; a right shoulder disorder; and leg length discrepancy with the right leg shorter than the left."

(AR 23.) The ALJ found Plaintiff's hypertension was non-severe. (AR 23.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (AR 23-24.)

The ALJ then determined that through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> "[Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and walk for 30 minutes at a time, for a total of four hours out of an eight-hour workday. He can sit for six hours out of an eight-hour workday with normal breaks. He can occasionally push and pull, crouch, crawl, [and] stoop. He cannot climb ladders, ropes, or scaffolds. He can occasionally use stairs. He cannot use the right arm above shoulder level. He is limited to non-complex tasks in that he cannot perform skilled work with an SVP level of five and above."

(AR 24.)

//

//

The ALJ found at step four that Plaintiff was able to perform his past relevant work classified by the VE as a clerk typist under the Dictionary of Occupational Titles ("DOT") 203.362-010. (AR 27.) The ALJ alternatively found, at step five, that Plaintiff could perform other jobs existing in the national economy. (AR 27.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the ALJ's decision. (AR 29.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)(citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review "the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citations omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)(citations omitted).

//
//

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, meaning error that is "inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

**DISPUTED ISSUE**

The parties ostensibly raise a single disputed issue of "whether the VE properly determined that [Plaintiff] could perform his past relevant work and properly identified alternative occupations." (Joint Stip. at 4.) However, the court construes the dispute to raise two sub-issues because Plaintiff's ability to perform past relevant work is determined by the ALJ at step four, while Plaintiff's ability to perform other work is determined by the ALJ at step five and, as discussed below, the burden of proof is on different parties at these two steps in the evaluation process.

**DISCUSSION**

Plaintiff contends the ALJ erred in failing to address an apparent conflict between the DOT and the VE's testimony regarding Plaintiff's ability to perform his past relevant work, where the RFC precludes work above the shoulder level with the right dominant arm, but Plaintiff argues that his past relevant work as a clerk typist requires frequent reaching, which, based on DOT requirements, means reaching in all directions, including overhead. (Joint Stip at 5.) Thus, Plaintiff contends that the ALJ's failure to reconcile the conflict between the

VE's testimony and the DOT requirements is reversible error. (*Id.* at 6.) For similar reasons, Plaintiff also argues the ALJ erred at step five in failing to address a similar apparent conflict between the DOT and the VE's testimony regarding Plaintiff's ability to perform other work based on the RFC's overhead reaching limitation. (*Id.* at 6-7.) As discussed below, the Court disagrees.

## I. **The ALJ Properly Relied on the VE's Testimony at Steps Four and Five**

### A. Disability Hearing Testimony of Plaintiff and VE

At the hearing, in discussing his past relevant work doing credit repair, Plaintiff testified that he stopped working in 2007 because the company he worked for went out of business. (AR 39.) He also stated he applied for work after that and that the last time he applied for work was around 2009. (AR 39-40.) The ALJ asked Plaintiff what prevented him from working at the time of the hearing and Plaintiff said he had "trouble sitting or standing for a while" because of back pain. (AR 40.) Plaintiff further stated that he could "probably" work if he did not have his back pain. (AR 40.) However, Plaintiff also said that lifting his right arm above shoulder level "hurts a lot." (AR 43.)

The ALJ posed a hypothetical to the VE during the hearing that specifically included a condition that the person in question could not use his right arm above shoulder level. (AR 52). The ALJ then asked the VE if he needed any more information before he could state whether the hypothetical person could perform Plaintiff's past relevant work. (AR 52.) The VE said he did and then asked Plaintiff to explain what his job in credit repair entailed. (AR 52.) Plaintiff responded: "A typical transaction? Reading the credit report, making out the company that it's to, making a phone call to that company, getting some information and then filling out a letter, put it in an envelope and send it to the credit bureau." (AR 52.) After Plaintiff's explanation, the VE opined that a hypothetical person with the limitations

specified by the ALJ, including the right shoulder restriction, could perform Plaintiff's past relevant work. (AR 53.) The VE classified Plaintiff's prior work as a clerk typist. (AR 53.)

The ALJ also asked the VE if any of the skills from Plaintiff's past relevant work would transfer in the hypothetical given the person's limitations. (AR 54.) The VE stated some of the skills would transfer. (AR 54.) The VE testified that Plaintiff's skills would transfer to the occupation of receptionist, DOT 237.367-038. (AR 54.) The ALJ then asked if there were any jobs the hypothetical person could perform that were unskilled, because the clerk typist and receptionist occupations were both semi-skilled. (AR 54.) The VE said the person could perform the duties of an order clerk, food and beverage, DOT 209.567-014. (AR 55.) The ALJ asked why the VE did not include the cashier II occupation as a possible unskilled position. (AR 55.) The VE explained that he was concerned the person would not be able to perform the cashier occupation because of the right arm restriction that precluded raising the arm above shoulder level. (AR 55.) The ALJ asked the VE if his testimony was consistent with the DOT and the VE said it was. (AR 55.)

**B. Applicable Law**

When an individual applies for Social Security benefits, at step four of the evaluation process, the burden is on the claimant to show that as a result of some impairment, he or she is incapable of performing past work. *Lockwood v. Commissioner Social Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). Only after the claimant makes this showing does the burden shift to the Commissioner of Social Security ("Commissioner") at step five to show the claimant can still "perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The Commissioner may rely on a vocational expert's testimony at the disability hearing to make this showing. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). At the

disability hearing, the ALJ poses hypothetical questions that detail the claimant's impairments to the VE who is then asked to testify as to what occupations, if any, the claimant can perform. *Desrosiers*, 846 F.2d at 578.

In addition to VE testimony, the DOT, through which the Department of Labor delineates the existing occupations and their requirements, is used to determine if an occupation exists that the claimant can perform considering any disabilities. *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *3 (2000). If there is an "apparent unresolved conflict" between the DOT and the VE's testimony regarding the claimant's ability to perform an occupation, the ALJ must ask the VE to resolve the conflict before the ALJ can rely on the testimony. SSR 00-4p, 2000 WL 1898704, at *2 (2000).

### C. **The ALJ Did Not Err In Relying On The VE's Testimony at Step Four**

At step four, Plaintiff bears the burden of proof to show he is incapable of performing his past relevant work. *Lockwood*, 616 F.3d at 1071. Plaintiff argues that, here, at step four, there was an apparent conflict between the DOT and the VE's testimony that Plaintiff could perform his past relevant work because such work requires above shoulder level work. (Joint Stip. at 5.) VE testimony, while not required at step four, can be useful in determining whether a clamant can perform past work. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Plaintiff contends that the "preclusion from work above shoulder level has a greater impact than a preclusion from overhead work" and argues that the ALJ ignored a conflict between the VE's testimony and Plaintiff's RFC restriction because Plaintiff's "past relevant work as a clerk typist requires frequent reaching. (Joint Stip. at 5 (citing DOT 203.362-010)).

A conflict is "apparent" if the DOT's listed occupational "requirements that are essential, integral, or expected" for a particular occupation conflict with the VE's testimony. *Gutierrez*, 844 F.3d at 808. Here, the VE classified Plaintiff's past relevant work as the clerk typist, which according to the DOT, includes frequent reaching. DOT 203.362-010. Reaching is defined as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, at *7 (1985). Plaintiff argues because he is unable to reach above shoulder level with his right arm, the VE's testimony that he can perform his past relevant work conflicts with the DOT description of his past relevant work and the VE did not address this conflict. Therefore, Plaintiff contends, the ALJ's failure to address this conflict is reversible error. (Joint Stip. at 6.) Defendant responds that the ALJ properly relied on the VE's testimony in making his step four findings. (Joint Stip. at 9.)

The ALJ relied on both the VE's testimony and Plaintiff's own testimony regarding his prior work to conclude that Plaintiff could perform his past relevant work as actually performed. (*See* AR 52-55.) Plaintiff testified that his duties in his prior work included fixing credit repair, typing letters on a computer, filling out envelopes, sending the information to the credit bureaus, reading credit reports, and making phone calls. (AR 52.) After the ALJ recited a hypothetical with an individual of Plaintiff's RFC, including a restriction against use of the right arm above shoulder-level, the ALJ asked the VE: "Now, do you need more information before you can state whether some of these limitations could perform any of the claimant's prior work?" (*Id.*) When the VE responded that he did, the VE was allowed to ask further questions of Plaintiff about exactly what he did in his prior real estate mortgage work. (*Id.* at 52.) When Plaintiff concluded describing what he did in his past work, the VE classified the prior work as a clerk typist (DOT 203.362-010), a semi-skilled sedentary job. (AR 37, 52-53.) The ALJ then asked the VE "Could any of the claimant's prior work be performed?" and the VE replied "Yes, I believe it could be, Your Honor." (*Id.* at 53.)

//

9

Even when the VE questioned Plaintiff, Plaintiff still bore the burden of proving that he could not perform his past work. *Carmickle v Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008). As Defendant emphasizes, the DOT describes work requirements for jobs as generally performed, not as performed in specific in settings. (Joint Stip. at 10 (citing SSR 00-4p).) Here, before responding to the ALJ's hypothetical, the VE acknowledged that he needed more information and questioned Plaintiff about his prior work as it was actually performed. (*See* AR 52-53.) The Ninth Circuit has held a plaintiff's testimony about what his past work required, to be highly probative. *See Matthews*, 10 F.3d at 681.

Plaintiff argues that he did not specifically testify about his past work's reaching requirements. Plaintiff's further argues that because the DOT lists frequent reaching as a requirement for the clerk typist occupation, the ALJ erred in finding Plaintiff could perform his past work in light of Plaintiff's shoulder restriction. (Joint Stip. at 15.) However, as Defendant notes, the DOT's listed requirements for the clerk typist occupation are *maximum* requirements for the occupation. SSR 00-4p, 2000 WL 1898704, at *2 (2000). Based on Plaintiff's testimony that a typical transaction in his job involved reading documents, making phone calls, getting information, filling out documents, and mailing documents, there is no evidence in the record that Plaintiff's past work as actually performed required any reaching above the shoulder. Without such a showing, there was no conflict, apparent or otherwise, for the ALJ to resolve between the DOT, the VE's testimony, and Plaintiff's testimony regarding his prior work.

Finally, as Defendant points out, Plaintiff's counsel had the opportunity to question the VE at the hearing but never pursued the issue of any potential conflict between the RFC's limitations and the DOT requirement of frequent reaching for the past relevant work. (*See* Joint Stip. at 10.) The ALJ is entitled to rely on the VE's uncontradicted opinion in such circumstances. *See, e.g., Frias v. Colvin* 2015 WL 8492453, at *8.

Accordingly, the ALJ did not err in relying on the VE's testimony at step four and his finding that Plaintiff could perform his past work as actually performed is supported by substantial evidence in the record.

**D. The ALJ Did Not Err In Relying On The VE's Testimony at Step Five**

After the ALJ found at step four that Plaintiff was not disabled and could perform his past relevant work, the inquiry could have ended there. Nonetheless, the ALJ went further to find, in the alternative, at step five that Plaintiff could perform other work for which jobs are available in the national economy. (AR 27-28.) For reasons similar to those raised with respect to the ALJ's step four finding, Plaintiff argues that the ALJ erred at step five in identifying alternative jobs that Plaintiff could perform based on his RFC.

At step five, the ALJ bore the burden of proof to show Plaintiff could perform other work. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) ("Commissioner has the burden of proof for step five.") (internal citations omitted). To meet this burden, the ALJ again relied on the VE's testimony. As with step four, Plaintiff argues there was an apparent conflict between the DOT and the VE's testimony that Plaintiff could perform the work of a receptionist and an order clerk, food and beverage. (*See, e.g.,* AR at 54-55.) As noted above, for a conflict to be apparent, the VE's testimony must conflict with the DOT's listed occupational "requirements that are essential, integral, or expected." *Gutierrez*, 844 F.3d at 808. The DOT indicates that, as generally performed, the receptionist and order clerk, food and beverage occupations include frequent reaching. DOT 237.367-038, 209.567-014. Reaching is defined as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, at *7 (1985).

In a factually similar scenario, the Ninth Circuit has found no apparent conflict between the "reaching" requirement in the DOT's cashier occupation and a VE's testimony

that a Plaintiff who could not use her right arm above shoulder level could perform the cashier job. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). In *Gutierrez*, the court reasoned that while by definition "reaching" generally includes reaching in any direction, not all jobs that require reaching require overhead reaching. *Id.* The court then offered an example of a cashier and a stock clerk, both of which include the frequent reaching requirement in the DOT, "[b]ut anyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to." *Id.* The court went on to state that "[t]he requirement for an ALJ to ask follow up questions is fact-dependent" and "where the job itself is a familiar one — like cashiering — less scrutiny by the ALJ is required." *Id.* On that basis, the court concluded that the ALJ did not err in failing to ask clarifying questions or relying on the VE's testimony because there was no apparent conflict between the VE's testimony and the DOT's frequent reaching requirement. *Id.*

The reasoning in *Gutierrez* is applicable here. In making the alternative findings at step five, the ALJ, after asking a hypothetical based on Plaintiff's RFC, including the right shoulder limitation, relied on the testimony of the VE about other jobs existing in the national economy that Plaintiff can perform. (*See* AR 27, 55.) Plaintiff maintains that the ALJ erred in relying on the VE's testimony because the ALJ did not ask questions about the conflict between Plaintiff's right shoulder restriction and the frequent reaching requirement of the receptionist or order clerk, food and beverage occupations as described in the DOT. (Joint Stip. at 6.) As noted above, an ALJ is only required to ask clarifying questions of a VE about apparent conflicts between the VE's testimony and the DOT. *Gutierrez*, 844 F.3d at 808. Plaintiff argues that "there is a potential conflict that exists between" the frequent reaching requirement of the specified occupations in the DOT as generally performed and the VE's testimony that Plaintiff could perform those occupations. (Joint Stip. at 6.) Plaintiff cites various district court cases and an Eighth Circuit case in support of this argument. However, cases from sister courts and the Eighth Circuit while persuasive are not binding.

12

This Court is bound by Ninth Circuit precedent as articulated in *Gutierrez*, where in a closely analogous case, the circuit court held that an ALJ's obligation to ask clarifying questions is fact-dependent and is not necessarily triggered when there is sufficient familiarity with the jobs in question as actually performed for the ALJ to conclude that no conflict exists. *Gutierrez,* 844 F.3d at 804.

Here, the occupations of receptionist and order clerk, food and beverage are familiar like the cashier job at issue in *Gutierrez*. They do not typically involve reaching above shoulder level such that the ALJ should have realized there was an apparent conflict between the VE's testimony and the DOT. Plaintiff argues that a receptionist may need to reach a shelf at or above shoulder level and that an order clerk, in retrieving information from a computer, filing an order, or recording orders, may also need to reach above the shoulder. While there may be rare circumstances where an individual in these occupations may need to reach above the shoulder, there is nothing in the record in this case to suggest these circumstances raise an apparent conflict with the VE's testimony. Indeed, here, the VE eliminated a cashier II job from consideration precisely because it might conflict with the RFC's limitation:

> [ALJ] Okay, what about the cashier II job that I hear a lot about? Why couldn't that job be performed?
> [VE] Well, my concern was the no right arm above shoulder level.

(AR at 55.)

The ALJ fulfilled his obligation to inquire about potential conflicts when he asked the VE if his testimony was consistent with the DOT and received an affirmative answer. (*See* at 55.) Consequently, the ALJ did not err at step five in relying on the VE's testimony regarding Plaintiff's ability to perform other work. Because the ALJ's decision is free of

legal error and supported by substantial evidence in the record, the Commissioner's decision should be affirmed.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is AFFIRMED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and counsel for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: January 18, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE